JAMES C. FORD, APPELLEE, v. BENJAMIN F. BUSH, RECEIVER, APPELLANT.

FILED MARCH 27, 1919. NO. 20340.

Damages. A verdict in favor of plaintiff for $2,000 for personal injuries resulting from the negligence of defendant *held* sustained by the evidence outlined in the opinion.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*J. A. C. Kennedy, Yale C. Holland* and *G. L. De Lacey,* for appellant.

*James E. Rait, contra.*

ROSE, J.

This is an action to recover damages in the sum of $25,000 for personal injuries resulting from negligence. Plaintiff was a switchman in the employ of defendant. While attempting to mount a coal car for the purpose of releasing a brake, plaintiff took hold of a grabiron which broke loose from its fastenings, and in consequence he fell and was injured. The negligence imputed to defendant was the failure to provide a safe grabiron for the use and protection of employees in mounting the car in the performance of their duties. Defendant denied negligence on his part, and pleaded contributory negligence and assumption of risk. On a trial of the issues the jury rendered a verdict in favor of plaintiff for $2,000. From a judgment thereon defendant has appealed.

The only question presented is raised by the assignment that the verdict is excessive.

There is evidence of the following facts: Plaintiff, when injured, was a strong, active, able-bodied man, 40 years of age, earning $4.80 a day. He fell from a coal car and lit on his back, which was severely wrenched, discolored and swollen. There was a con-

cussion of the spine, causing pain. One kidney was ruptured and there were hemorrhages therefrom at intervals for perhaps two weeks. He was confined to his bed for a week and to his room for five weeks. He was treated by his physician for several months. From the time he was injured, February 8, 1916, until the trial, April 5, 1917, he was unable to work at anything requiring physical strength. He paid his physician $100. He was physically weak at the time of the trial. Whether his earning capacity was permanently impaired is left in doubt, but the jury evidently did not find in his favor on that issue. In considering proofs tending to establish the facts narrated, in connection with the uncertain element of pain in estimating damages, there does not appear to be a substantial ground for setting aside the verdict, when the familiar rules of law applicable to the facts are considered.

AFFIRMED.

SEDGWICK and CORNISH, JJ., not sitting.